```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
```

In re:                                                         Case No. 19-01571-HWV
Sharon Elizabeth Myers                                         Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1          User: KADavis            Page 1 of 2            Date Rcvd: May 29, 2019
                              Form ID: pdf002          Total Noticed: 35

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 31, 2019.
```
db          +Sharon Elizabeth Myers,    1124 Paxton Church Road,    Harrisburg, PA 17110-9566
cr          +Santander Bank, N.A. c/o Thomas A. Capehart, Esqui,    Gross McGinley, LLP,
              33 S. Seventh Street,    P.O. Box 4060,    Allentown, PA 18105-4060
5186046     +BEST EGG/SST,    4315 PICKETT ROAD,    SAINT JOSEPH, MO 64503-1600
5186050      CREDIT FIRST NATL ASSOC,    PO BOX 81344,    CLEVELAND, OH 44188-0344
5186052     +FIRST PREMIER BANK,    3820 N LOUISE AVENUE,    SIOUX FALLS SD 57107-0145
5186053     +FNCC,   PO BOX 5097,    SIOUX FALLS, SD 57117-5097
5186056     +MARINER FINANCE LLC,    3872 UNION DEPOSIT ROAD,    HARRISBURG, PA 17109-5919
5186057     +MERCURY/FBT,    PO BOX 84064,    COLUMBUS, GA 31908-4064
5198492     +Mariner Finance, LLC,    8211 Town Center Drive,    Nottingham, MD 21236-5904
5186060     +PROSPER,    221 MAIN STREET, STE 300,    SAN FRANCISCO, CA 94105-1909
5186061      SANTANDER MORTGAGE BANKING,    CORRESPONDENCE,    PO BOX 16255,    READING, PA 19612-6255
5197451     +Santander Bank, N.A.,    450 Penn Street,    10-421-MC3,    Reading, PA 19602-1011
5186066     +TBOM/CONTFIN,    PO BOX 8099,    NEWARK, DE 19714-8099
5186067     +TBOM/FORTIVA,    PO BOX 105555,    ATLANTA, GA 30348-5555
5202575     +The Bank of Missouri,    PO Box 105555,    Atlanta, GA 30348-5555
5186068     +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
              651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5186069     +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
              HARRISBURG, PA 17121-0751
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr          +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 29 2019 19:56:58
              PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5186047      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 29 2019 19:56:55
              CAPITAL ONE (BANKRUPTCY NOTIFICATION) (p,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
5186048     +E-mail/Text: dehartstaff@pamd13trustee.com May 29 2019 19:55:53      CHARLES J DEHART, III, ESQ.,
              8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5186049      E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 29 2019 19:55:33      COMM OF PA DEPT OF REVENUE,
              BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5186051      E-mail/PDF: creditonebknotifications@resurgent.com May 29 2019 19:57:54      CREDITONE BANK,
              CUSTOMER BILLING AND CORRESPONDENCE,    PO BOX 98873,    LAS VEGAS, NV 89193-8873
5198845      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 29 2019 19:57:49
              Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
              Charlotte, NC  28272-1083
5186054      E-mail/Text: cio.bncmail@irs.gov May 29 2019 19:55:24      INTERNAL REVENUE SERVICE - CIO,
              PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5186055     +E-mail/Text: bk@lendingclub.com May 29 2019 19:55:52      LENDING CLUB,    71 STEVENSON, STE 300,
              SAN FRANCISCO, CA 94105-2985
5197524      E-mail/Text: bkr@cardworks.com May 29 2019 19:55:16      MERRICK BANK,
              Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
5186058     +E-mail/Text: bkr@cardworks.com May 29 2019 19:55:16      MERRICK BANK COURT NOTICES,
              PO BOX 9201,    OLD BETHPAGE, NY 11804-9001
5196022      E-mail/PDF: cbp@onemainfinancial.com May 29 2019 19:57:44      ONEMAIN,    P.O. BOX 3251,
              EVANSVILLE, IN 47731-3251
5186059      E-mail/PDF: cbp@onemainfinancial.com May 29 2019 19:57:20
              ONEMAIN FINANCIAL ATTN: BK NOTICES,    PO BOX 3251,    EVANSVILLE, IN 47731-3251
5202565     +E-mail/Text: JCAP_BNC_Notices@jcap.com May 29 2019 19:55:48      Premier Bankcard, Llc,
              Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
5186062      E-mail/Text: jennifer.chacon@spservicing.com May 29 2019 19:56:03
              SELECT PORTFOLIO SERVICING INC,    PO BOX 65250,    SALT LAKE CITY UT 84165-0250
5186063      E-mail/PDF: gecsedi@recoverycorp.com May 29 2019 19:57:45      SYNCB/CARE,    BK NOTICES,
              PO BOX 965061,    ORLANDO, FL 32896-5061
5186064      E-mail/PDF: gecsedi@recoverycorp.com May 29 2019 19:56:52      SYNCB/CCMIDS,    BK NOTICES,
              PO BOX 965061,    ORLANDO, FL 32896-5061
5186065     +E-mail/PDF: gecsedi@recoverycorp.com May 29 2019 19:57:20      SYNCB/LOWES,    PO BOX 965004,
              ORLANDO, FL 32896-5004
5186686     +E-mail/PDF: gecsedi@recoverycorp.com May 29 2019 19:56:52      Synchrony Bank,
              c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 18

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 31, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 29, 2019 at the address(es) listed below:

      Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
      Dorothy L Mott    on behalf of Debtor 1 Sharon Elizabeth Myers DorieMott@aol.com, KaraGendronECF@gmail.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
      James Warmbrodt    on behalf of Creditor    Grand Avenue Mortgage Loan Trust 2017-RPL1 bkgroup@kmllawgroup.com
      Kara Katherine Gendron    on behalf of Debtor 1 Sharon Elizabeth Myers karagendronecf@gmail.com, doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
      Thomas A. Capehart    on behalf of Creditor    Santander Bank, N.A. c/o Thomas A. Capehart, Esquire jkacsur@grossmcginley.com, ehutchinson@grossmcginley.com
      United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                                                                                                              TOTAL: 6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| SHARON ELIZABETH MYERS | : | |
| Debtor | : | CASE NO. 1:19-bk-01571 |
| | : | |
| | : | ☒ ORIGINAL PLAN |
| | : | |
| | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☒ 1 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ 1 Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>Plan Payments From Future Income</u>
       1. To date, the Debtor paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $19,500.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2019 | 04/2024 | $325.00 x 60 months | $ | | $19,500.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $19,500.00 |

       2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.
       3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.
       4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.
                     ☐ Debtor is over median income. Debtor calculates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>
       1. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
   ☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

**2. SECURED CLAIMS**
   A. <u>Pre-Confirmation Distributions</u>. *Check one*.
   ☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

   B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>. *Check one*.
   ☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| SELECT PORTFOLIO SERVICING INC | 1124 Paxton Church Road, Harrisburg, PA 17110 | 9046 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).**
*Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| SELECT PORTFOLIO SERVICING INC | 1124 Paxton Church Road, Harrisburg, PA 17110 | Per allowed proof of claim $ 1,130.40 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **SANTANDER MORTGAGE BANKING** | **1124 Paxton Church Road, Harrisburg, PA 17110** | $12,164.00 | Lesser of 5.5% or contract rate of interest | Payment of allowed secured claim through Plan. |

E. <u>Secured claims for which a § 506 valuation is applicable</u>. *Check one.*
☐   None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☒   Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| **MARINER FINANCE LLC** | **1998 Saturn SL1 4d burgundy (approx. 180,000 miles** | $100.00 | Lesser of 5.5% or contract rate | $114.00 | Plan -- Cram Down |

F. <u>Surrender of Collateral</u>. *Check one.*
☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

G. <u>Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens</u>. *Check one.*
☒   None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

3. **PRIORITY CLAIMS.**
   A. <u>Administrative Claims</u>

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees</u>. Complete only one of the following options:
      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of  $4,000.00  in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation

shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
☒   None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   **B. <u>Priority Claims (including, certain Domestic Support Obligations</u>**
     Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | |

   **C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).</u>** *Check one of the following two lines.*
   ☒   If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. *Check one of the following two lines.*
☒   None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   **B.**    **All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*
☒   None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:      Adequate protection payments.
Level 2:      Debtor's attorney's fees.
Level 3:      Domestic Support Obligations.
Level 4:      Secured claims, pro rata.
Level 5:      Priority claims, pro rata.
Level 6:      Specially classified unsecured claims.
Level 7:      General unsecured claims.

Level 8: Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

(1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

(2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

(3) Lien Releases.

(a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(4) Confirmation of this Plan shall not bar the Debtor from:

(a) filing objections to any claims;

(b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

(c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;

(d) seeking a determination as to the dischargeability of any debt; or

(e) selling any asset of his free and clear of liens and encumbrances.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)

/s/ Sharon Elizabeth Myers
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9